**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

TONY PERKINS,                                      :
                                                   :
              Plaintiff,                           :
                                                   :
      VS.                                          :
                                                   :        1: 11-CV-182 (WLS)
MICHAEL J. ASTRUE,                                 :
Commissioner of Social Security,                   :
                                                   :
              Defendant.                           :
_____                :

### RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on December 29, 2011, challenging the

Commissioner's final decision denying his application for disability benefits, finding him not disabled

within the meaning of the Social Security Act and Regulations.   Jurisdiction arises under 42 U.S.C. •

405(g) and 42 U.S.C. • 1383(c).   All administrative remedies have been exhausted.

### LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the

correct legal standards to the evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983);

*Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983).   The Commissioner's factual findings are deemed

conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable

person would accept the evidence as adequate to support the conclusion at issue.   *Cornelius v. Sullivan*,

936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).   In reviewing the

ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its

judgment for that of the Commissioner.   "Even if we find that the evidence preponderates against the

[Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."

*Bloodsworth*, 703 F.2d at 1239.   "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process.   20 C.F.R. ▪ 404.1520.   In Step One, the Commissioner determines whether the claimant is working.   In Step Two, the Commissioner determines whether a claimant   suffers from a severe impairment which significantly limits his ability to carry out basic work activities.   At Step Three, the Commissioner evaluates whether the claimant▪s impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.   At Step Four, the Commissioner determines whether the claimant▪s residual functional capacity will allow a return to past relevant work.   Finally, at Step Five, the Commissioner determines whether the claimant▪s residual functional capacity, age, education, and work experience allow an adjustment to other work.

***Administrative Proceedings***

The Plaintiff filed applications for Supplemental Security Income benefits and disability insurance benefits on March 1, 2006, alleging disability since March 13, 2005, due to cirrhosis of the liver and depression.   (T-17,146).   His claims were denied initially and upon reconsideration.   (T - 60, 62).   A hearing was held before an ALJ in Albany, Georgia on February 12, 2008.   (T-38-58).   Thereafter, in a hearing decision dated February 28, 2008, the ALJ determined that the Plaintiff was not disabled. (T-14-30).   The Appeals Council denied review on February 18, 2009, making the February 2008 decision the final decision of the Commissioner.   (T-1-4).   The Plaintiff filed an appeal of this decision in this Court.   *See* Civil Action No. 1 : 09-CV-60-WLS, M.D.Ga.   By Order dated September 21, 2010, this Court reversed and remanded the Commissioner's decision for further consideration, finding that the ALJ had erroneously failed to consider whether Plaintiff's condition met Listing 12.05(C).   *Id.* at Docs. 14,

13.

   While his 2006 claims were under review, the Petitioner filed another application for Supplemental Security Income benefits in September 2008.   (T – 734-737).   This application was denied initially and upon reconsideration.   (T – 632-633, 698-707).   Upon Plaintiff's request for review, the Appeals Council issued an Amended Order, consolidating the Plaintiff's September 2008 claim with his 2006 claims and remanded the consolidated matter to the ALJ.   (T – 628-631).   On remand, the ALJ held another hearing and updated the record, and issued a decision on April 28, 2011, finding the Plaintiff not disabled.   (T – 498-526, 527-567).   The Appeals Council denied Plaintiff's request for review.   (T – 490-492).

*Statement of Facts and Evidence*

   The Plaintiff was forty-four (44) years of age at the time of the most-recent ALJ's decision.   (T- 44).   He now alleges that he has a ninth grade education and according to the Vocational Expert's testimony, has past relevant work experience as a cook and a construction worker.   (T- 53, 554).   As determined by the ALJ, Plaintiff suffers from severe impairments in the form of cirrhosis of the liver, gastroesophageal reflux disease (GERD); degenerative disc disease of the lumbar spine; cervical spondylosis with paracentral disc bulge at C5-6 and mild to moderate canal stenosis at C4-5 due to a broad based disc bulge; a history of callous build-up with plantar warts; headaches; and a mental impairment variously described as possible borderline intellectual functioning, depression, anxiety and/or bipolar disorder.   (T- 502).   The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, that Plaintiff retained the residual functional capacity to perform light work with certain restrictions.   (T- 505-524).   The ALJ concluded that the Plaintiff could not return to his past relevant work.   (T – 524-525).   After receiving Vocational Expert testimony, the ALJ determined that the Plaintiff could perform jobs which existed in substantial numbers in the national economy and he was thus not disabled.   (T- 525-526).

## DISCUSSION

*Listing 12.05(C)* (*20 C.F.R. Ch. III, Pt. 404, Subpt. P, App. 1*)

The Plaintiff argues primarily that the ALJ erred in finding that his impairments did not meet or equal listing 12.05(C), which addresses disability based on mental retardation.    Listing 12.05, entitled A[Mental retardation@ provides that A[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.@  Part C of this listing dictates a finding of disability when a claimant has A[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function@   Therefore, A[t]o be considered for disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22.@  *Crayton v.   Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In order to establish that his impairments meet or equal one or more of those set out in the List of Impairments (Appendix 1, 20 C.F.R. Part 404), a claimant must present specific medical findings that meet the tests for the applicable impairment or medical evidence that demonstrates how the impairment is equivalent to the listings.   *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) (plaintiff must "present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency"); *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).   A[For

4

a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical

criteria.   An impairment that manifests only some of those criteria, no matter how severely, does not

qualify.@   *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

A[A] claimant meets the criteria for presumptive disability under Listing 12.05(C) when the

claimant presents a valid I.Q. score of 60 to 70 and evidence of additional mental or physical

impairment.@*Hodges v. Barnhart*, 276 F.3d 1265, 1268 (11th Cir. 2001).   However, this presumption

can be overcome by evidence of Plaintiff=s education, work history, and daily activities.    *Id.*

The Plaintiff argues that he has established presumptive disability based on his IQ scores

(full-scale IQ score of 65) and physical impairments and that the ALJ improperly rejected the

presumption of mental retardation.   It appears that the Plaintiff Awas entitled to the benefit of the

rebuttable presumption established in *Hodges*, and the ALJ was charged with determining whether

there was sufficient evidence to rebut that presumption.@   *Grant v. Astrue*, 255 Fed.Appx. 374, 375

(11th Cir. 2007).

The Commissioner argues that the presumption of disability is rebutted by evidence of

Plaintiff=s activities, work, and education.   Unlike his previous decision finding Plaintiff not disabled

on his 2006 claims, the ALJ herein specifically considered whether Plaintiff's impairments met or

equaled Listing 12.05(C).   The ALJ found that:

> [w]ith respect to Listing 12.05(C), the claimant does not suffer from
> mental retardation, and therefore, does not meet or equal the
> requirements of the Listing. . . . In particular, I note that none of the
> claimant's many treating physicians, psychologists, and therapists have
> ever suspected that he suffered from mental retardation.   Moreover,
> neither the claimant's work experience nor his activities of daily living
> are reflective of mental retardation.

(T – 502-503).

The ALJ, although not specifically referencing the rebuttable presumption of disability, found that

Plaintiff's daily activities and work history rebutted any finding of mental retardation, noting that:

> the longitudinal evidence demonstrates that the claimant's adaptive
> functioning has been entirely inconsistent with the concept of mental
> retardation. . . [Plaintiff] has had a driver's license for a long time.
> Therefore, he had to demonstrate knowledge and understanding of
> traffic rules, and be able to understand and identify road signs and speed
> limits.   In addition, both the claimant and his wife reported that he took
> care of his children, prepared meals, and did household chores.   He
> also did skilled work for a long time.    In fact, the manager at one café at
> which the claimant worked for several years reported that the claimant
> was one of the best and most dependable employees, but his liver
> disease caused him problems.

(T – 522-523).

The ALJ then noted the opinions issued by Plaintiff's consultative and treating physicians, who

reported that Plaintiff's mental health status was normal and did not result in the limitations described

by the Plaintiff.   (T – 523-524).

    The Court finds that the ALJ's finding that any presumption as to disability under Listing

12.05(C) was overcome by evidence of Plaintiff's work history, daily activities, and reports from

physicians is supported by substantial evidence.   The ALJ clearly found that the longitudinal

evidence of Plaintiff's work and daily activities, as well as medical treatment and diagnoses, did not

support a finding of mental retardation.   Plaintiff's work history included work as a cook and laborer,

and evidenced Plaintiff's ability to maintain employment for long periods of time, with some

indication that he managed various kitchens.   (T – 147, 165-166, 213);   *See Harris v. Comm'r. of*

*Soc. Sec.*, 2009 WL 1426754 (11th Cir. May 22, 2009) (claimant's ability to hold several jobs, dress

and bathe, manage money, read, and communicate effectively provided evidence that claimant did not

suffer from mental retardation).   Plaintiff's daily activities included preparing his children for school,

6

household chores, preparation of small meals, shopping, socializing, and driving.   (T – 46, 157-161, 211, 543, 793, 797, 805).

To the extent that the ALJ discounted the finding of Dr. Willers, an examining physician, who found that Plaintiff's mental condition met the requirements for Listing 12.05(C), the ALJ's conclusions and findings in this regard are supported by substantial evidence.   As an examining source, Dr. Willers' opinion of disability was not entitled to great weight, which the ALJ properly noted, and the ALJ also found that Dr. Willers examined the Plaintiff on only two occasions, four years apart.   Furthermore, the ALJ found that Plaintiff's work history conflicted with Dr. Willers' findings.   (T – 503).   As noted by the ALJ, the Plaintiff's past relevant work as a kitchen manager/cook was found by the Vocational Expert to be skilled work, possibly semi-skilled as performed by the Plaintiff.   (T – 503, 521, 554, 564).   The ALJ also noted that nine other treating, examining or reviewing physicians did not find that the Plaintiff suffered from mental retardation.   (T – 522).   A review of the opinions issued by Dr. Willers, his treatment notes and the ALJ=s decision herein reveals that the ALJ=s decision to discount Dr. Willers=opinion to the extent that it dictated a finding of disability is supported by substantial evidence.   The ALJ properly considered Dr. Willers' statements and assessments, as evidenced by the ALJ=s decision, although the ALJ assigned no weight to Dr. Willers' conclusions of disability.

### *Residual functional capacity*

Plaintiff also asserts that the ALJ erred in failing to account for more serious limitations than those issued by state agency physicians in establishing Plaintiff's residual functional capacity. Plaintiff maintains that the ALJ accepted more serious limitations than those assessed by the state agency psychological consultants, but failed to account for said limitations in his residual functional capacity assessment.

7

The ALJ found that:

> [w]hile I afford the views of the state agency psychologists considerable weight, in an abundance of indulgence to the claimant's many contentions, I believe that the claimant may be a little more limited than suggested by the [sic] some of the state agency psychologists.   In fact, my opinion in this regard is reflected in the residual functional capacity I have adjudged.

(T – 523).

The ALJ set out a residual functional capacity assessment which included detailed limitations on the Plaintiff's mental abilities, including "no more than limited public contact and . . . [no] work requiring close coordination with coworkers . . . [simple] tasks must be done in a structured environment where there will be help setting and reaching goals, and must not require more than third-grade reading ability."   (T – 505).

The ALJ's findings in regard to Plaintiff's residual functional capacity are supported by substantial evidence.   Plaintiff provides no support for his contention that the ALJ was required to include specific findings as to pace, supervisors, or changes in the work setting.   The ALJ alone is responsible for the residual functional capacity determination, and he provided no indication that he intended to include the details set forth by the Plaintiff as missing.   The ALJ specifically states that his residual functional capacity finding included more serious limitations than those found by the state agency physicians.

***Conclusion***

Inasmuch as the Commissioner⹁s final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner⹁s decision be **AFFIRMED** pursuant to Sentence Four of ▪

8

405(g).   Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

   **SO RECOMMENDED**, this 21st day of February, 2013.

   s/   ***THOMAS Q. LANGSTAFF***

   **UNITED STATES MAGISTRATE JUDGE**

asb