IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TONY PERKINS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:11-cv-182 (WLS) |
| | : |
| CAROLYN W. COLVIN, | : |
| Acting Commissioner of Social Security, | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

Before the Court is a February 21, 2013 Recommendation from United States Magistrate Judge Thomas Q. Langstaff on a Social Security appeal. (Doc. 20.) The question presented to Judge Langstaff was whether substantial evidence of the Plaintiff's education, work history, and daily activities exists to rebut the presumption of mental retardation that arises from a 60 to 70 I.Q. score. (*Id.* at 5.) Judge Langstaff answered that question in the affirmative because Plaintiff managed kitchens, held employment for long periods of time, and prepared his children for school, among other activities. (*Id.* at 7.) Furthermore, the magistrate judge disagreed with Plaintiff that the administrative law judge's findings on residual functional capacity were internally inconsistent. (*Id.* at 8.)

The Report and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (*Id.* at 9). The objection period expired Monday, March 11, 2013. (*See* Docket.) Plaintiff timely filed his objections March 1, 2013. (Doc. 21.)

1

Plaintiff challenges each part of Judge Langstaff's Recommendation. He first argues the magistrate judge's findings on mental retardation were wrong because there was no evidence that Plaintiff held skilled jobs. Furthermore, Plaintiff asserts that Judge Langstaff's reasoning was based on the outdated stereotype that people with intellectual disorders "cannot do anything." Therefore, the fact that Plaintiff performed various daily activities is consistent with an intellectual disability. Plaintiff also claims the ALJ erred by finding he had greater limitations than agency consultants found but ultimately holding his limitations were less than what those the consultants noted.

At the outset, the Court is mindful that its role in reviewing Social Security appeals is limited to whether the Commissioner applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Judge Langstaff also applied this standard, and the Court agrees with his recommendations.

First, the Commissioner's decision on whether Plaintiff met Listing 12.05(c) for mental retardation is supported by substantial evidence. The ALJ found the "longitudinal evidence" did not support a finding of mental retardation. Regardless of whether Plaintiff's position as a cook was skilled, semi-skilled, or unskilled, the ALJ found that Plaintiff had substantial responsibilities and, by his own admission, took inventory, managed other employees, and cooked and prepared food. At the same time, Plaintiff prepared his children for school, did household chores, shopped, and held a driver's license without restriction. The ALJ noted that at least nine other psychiatrists or psychologists did not find that Plaintiff was mentally retarded. Many of these professionals also found that he was not significantly limited or only moderately limited in his functioning. Nothing about these findings implies that people with intellectual

2

disabilities cannot lead fruitful lives, as Plaintiff argues. But this evidence was consistent with a finding that Plaintiff did not have an intellectual disability, and the Court's job is not to reweigh that evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) ("We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]") (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)).

The Court further disagrees with Plaintiff that this Circuit's precedent is distinguishable from his case. To the contrary, courts in this Circuit routinely affirm determinations on 12.05(C) Listings with similar evidence. *See Frank v. Astrue*, No. CA 2:11-00215-C, 2011 WL 6111692, at *4–5 (M.D. Ala. Dec. 8, 2011) (collecting cases). For example, in *Harris v. Commissioner of Social Security*, 330 F. App'x 813, 815 (11th Cir. 2009), the Eleventh Circuit found substantial evidence supported an ALJ's decision on mental retardation when the plaintiff did well in his special education classes, held several jobs, could dress and bathe himself, took care of his personal needs, and managed money. 330 F. App'x at 815.

The Court also disagrees with Plaintiff, and agrees with Judge Langstaff, on whether the ALJ's finding on residual functional capacity was supported by substantial evidence. Plaintiff claims it was inconsistent for the ALJ to find he had greater limitations than the agency consultants found but then to fail to account for those limitations in his findings. But these consultants generally found that Plaintiff was not substantially limited or had only moderate limitations in his abilities to, among other things, respond appropriately to criticism and maintain an acceptable pace. Plaintiff does not explain how the ALJ's finding was inconsistent and does not support his point with any authority. The ALJ's determination on residual functional capacity was based on at least nine psychological reports and ample testimony. Therefore, the Court finds that it was supported by substantial evidence.

Therefore, for all of the above reasons, Plaintiff's Objection (Doc. 21) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's February 21, 2013 Recommendation (Doc. 20) is **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions made herein. The Commissioner's decision is hereby **AFFIRMED**.

      **SO ORDERED**, this   13th   day of March 2013.

                                          /s/ W. Louis Sands
                                          **THE HONORABLE W. LOUIS SANDS,**
                                          **UNITED STATES DISTRICT COURT**